IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL LEE MILES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:23-cv-00528 ) |
| WILLIAMSON COUNTY SHERIFF'S OFFICE, | ) JUDGE RICHARDSON ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a pro se civil rights complaint (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 10), filed by Plaintiff Daniel Miles while he was in the custody of the Williamson County Sheriff's Office (WCSO).[1]

The case is before the Court for ruling on Plaintiff's IFP application and initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

**APPLICATION TO PROCEED IFP**

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's IFP application that he lacks the funds to pay the filing fee in full, that application (Doc. No. 10) is **GRANTED**.

**INITIAL REVIEW**

**I. Legal Standard**

The Court must conduct an initial review and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be

---

[1] Plaintiff was released from jail shortly after filing this lawsuit, and now resides in Lavergne, Tennessee.

granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

## II. Allegations and Claims[2]

Plaintiff sues the WCSO, asserting a claim to damages based on (1) the lack of a handicap-accessible toilet and shower in pod 314 (Plaintiff's pod in the Williamson County Jail's general population), which Plaintiff needed due to his partial paralysis following a stroke he suffered in 2018, and (2) a water leak which, although mopped up, caused the floor to be slick, as a result of which Plaintiff slipped and fell while walking on the pod after lights-out, hurting his shoulder and hip. (Doc. No. 1.)

After arriving at the Williamson County Jail on May 13, 2023 and realizing that he needed a chair for use in the bathroom and shower, Plaintiff put in a medical request for one but did not receive a response. (*Id.* at 1–2.) Two days later, while walking to the bathroom just before going to bed, he slipped and fell on the still-slick floor, which he alleges could have been completely

---

[2] Plaintiff has alleged or unmistakably implied all of the facts and circumstances reflected in the following two paragraphs, and the Court treats these allegations (and implications) as true for present purposes.

dried by turning up the air conditioning or using fans after the leaked water was mopped up. (*Id.* at 3.) After his fall, he was checked by a nurse who determined that he escaped injury and gave him ibuprofen for his complaints of shoulder and hip pain. (*Id.*) Four days later, on May 19, Plaintiff filed his Complaint charging the WCSO with "neglect and deliberate indifference" and seeking to recover for "damages to [his] shoulder and hip and pain and suffering." (*Id.* at 4.)

**III. Analysis**

It is unclear whether Plaintiff was a pretrial detainee or a convicted inmate during his brief incarceration at the Williamson County Jail. In either case, however, deliberate indifference to inmate health or safety "constitutes the unnecessary and wanton infliction of pain that is violative of the Constitution," *Darrah v. Krisher*, 865 F.3d 361, 367 (6th Cir. 2017) (citation omitted)—the only difference being that detainees benefit from a more liberal definition of the term "deliberate indifference" than do convicted inmates. Rather than alleging, as convicted inmates must, that the defendant "consciously disregarded the risk" to inmate safety, "a pretrial detainee establishes deliberate indifference by proving 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Westmoreland v. Butler Cnty., Kentucky*, 29 F.4th 721, 728 (6th Cir. 2022) (quoting *Brawner v. Scott County, Tennessee*, 14 F.4th 585, 596–97 (6th Cir. 2021)). A defendant to a detainee's claim "must have acted deliberately (not accidentally) and recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* (quoting *Brawner*, 14 F.4th at 596).

Giving Plaintiff the benefit of the doubt, the Court will assess his claim as though he were a pretrial detainee and will construe his Complaint as a civil rights action under 42 U.S.C. § 1983. *See Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11–12 (2014) (holding that claim to damages for constitutional violation by state actor is properly construed as filed under § 1983, even if statute

3

Case 3:23-cv-00528   Document 12   Filed 11/06/23   Page 3 of 6 PageID #: 35

is not expressly invoked). However, even liberally construed, the Complaint fails to state a viable claim.

Section 1983 is a vehicle for establishing the liability of "[e]very person who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Thus, Section 1983 complaints must plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014). Importantly, "[o]nly a 'person' faces liability under the statute." *Hohenberg v. Shelby Cnty., Tennessee*, 68 F.4th 336, 342 (6th Cir. 2023) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989)).

The WCSO is not a person capable of being sued under Section 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *2–3 (M.D. Tenn. Aug. 25, 2010) (noting that "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit"). Even if Plaintiff's pleadings could be liberally construed to seek relief against Williamson County itself, "[t]o plead a claim for municipal liability under § 1983, Plaintiff must plausibly allege that his or her constitutional rights were violated and that a policy or custom of [the municipality] was the 'moving force' behind the deprivation of Plaintiff's rights." *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 941 (M.D. Tenn. 2012) (citing *Miller v. Sanilac County*, 606 F.3d 240, 254–55 (6th Cir. 2010)). Plaintiff does not allege that the harm he suffered resulted from the execution

of any municipal policy or custom. Accordingly, his Complaint fails to name or implicate a defendant against whom relief may be granted under § 1983.

Even if Plaintiff had sued a proper defendant, his allegations of a brief delay in receiving a chair for use in the bathroom/shower and the slick condition of the pod floor do not support a plausible deliberate-indifference claim. Although Plaintiff alleges that he requested a chair and "never received a response" (Doc. No. 1 at 2), his Complaint was signed a mere six days after he allegedly made the request. Moreover, the Complaint does not suggest that the failure to promptly provide Plaintiff with the requested chair prevented him from using the bathroom, given that he subsequently reported doing so after being observed by the nurse to be "getting around pretty good." (*Id.* at 1, 3); *cf. Stoudemire v. Michigan Dep't of Corr.*, 614 F. App'x 798, 803 (6th Cir. 2015) (finding that "[n]umerous courts have held that the failure to provide handicap-accessible bathroom facilities may violate the Eighth Amendment," but citing cases where plaintiff "suffered from ALS," "wore a leg cast and used crutches," or was paraplegic or an amputee). The Court cannot reasonably infer from these facts that the brief deprivation of a bathroom chair posed a known or obvious, unjustifiably high risk of harm to Plaintiff. *Westmoreland*, 29 F.4th at 728.

Furthermore, "[c]ourts have regularly held that slip and fall accidents do not give rise to federal causes of action." *Davis v. Corr. Corp. of Am.*, No. 5:07CV279RS-EMT, 2008 WL 539057, at *3 (N.D. Fla. Feb. 22, 2008) (collecting cases). "Although wet floors do present a possibility that inmates might slip," Plaintiff's allegations do not support the proposition that the risk he faced from the mopped-but-still-slick floor was unjustifiably high, so as to support his claim of a constitutional violation. *Bell v. Ward*, 88 F. App'x 125, 127 (7th Cir. 2004). "At most, [he] has shown that jail officials were negligent, but negligence alone is not enough to support a claim of deliberate indifference." *Id.* (citing, *e.g.*, *Daniels v. Williams*, 474 U.S. 327, 332 (1986)). The idea

5

here is clear: slip and falls generally are not events of constitutional significance, even if they occur in a jail. Plaintiff has not alleged factual matter suggesting that his case is one in which there was constitutional significance to a slip and fall.

For all these reasons, the Complaint fails to state a viable claim and therefore cannot proceed.

## CONCLUSION

In light of the foregoing, this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

In light of this disposition, Plaintiff's Motion to Subpoena (Doc. No. 2) is **DENIED** as moot.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE